[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-10225
Non-Argument Calendar

_____

D. C. Docket No. 1:93-cr-00252-UU-7


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEVIN ALEXANDER,
a.k.a. Cal,
a.k.a. Ninja,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 31, 2012)


Before HULL, MARTIN, and EDMONDSON, Circuit Judges.

PER CURIAM:

In 2008, Kevin Alexander obtained a sentence reduction.  Now Alexander, through counsel, appeals the district court's denial of his request for a further reduction in sentence, one pursuant to Amendment 750 of the U.S. Sentencing Guidelines.  For background, see 18 U.S.C. § 3582(c)(2).

This appeal presents this decisive issue:

> Whether the district court abused its discretion by denying Alexander's § 3582(c)(2) motion as unwarranted based on its consideration of the 18 U.S.C. § 3553(a) factors.

Any error in the district court's failure to recalculate Alexander's sentence under the amended guideline was harmless because that court found a reduction unwarranted after its consideration of the § 3553(a) factors: a determination that was no abuse of discretion.  Accordingly, we affirm the district court's decision. See generally United States v. Keene, 470 F.3d 1347 (11th Cir. 2006).

The district court here clearly stated that it would deny Alexander a reduction in sentence (regardless of his eligibility) due to the court's consideration of the § 3553(a) factors.  Furthermore, the court's decision to deny Alexander a

2

reduction was reasonable.  The court did not detail in its opinion on the instant motion how the court had weighed the various § 3553(a) factors in reaching its decision.  But it was not obliged to do so.  The record reveals that the court was aware of, and took proper account of, the pertinent factors, and the court did not abuse its discretion in denying Alexander the requested sentence reduction.

AFFIRMED.